IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-02038-RPM

SCOTT L. BECKHAM,

     Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant.
_____

ORDER REVERSING DECISION
_____

     Exercising the jurisdiction for judicial review of a final decision of the Commissioner of Social Security granted by 42 U.S.C. § 405(g), this court finds and concludes that the denial of the application for Disability Insurance Benefits under 42 U.S.C. §§ 401-33 of Scott L. Beckham was contrary to his medical records and must therefore be reversed.

     Scott L. Beckham was born on January 16, 1949.  He graduated from high school and attended four years of college.  He served in the United States Marine Corps from January 22, 1968 to September 4, 1970.  Beckham served combat duty in Vietnam.  He worked for the Colorado Department of Corrections as a corrections officer at the Fremont County Correctional Facility from 1986 to 1991.  He sought treatment from a psychologist, Dr. Harold C. Hobbs, Ph.D. in November, 1991.  On December 15, 1991, Dr. Hobbs wrote to the warden that Beckham was suffering from "Post Traumatic Stress Syndrome, Delayed, Chronic" creating "enormous anxiety bouts

of alternating depression and explosive hostility" making him unable to function in his position. R.141.  Dr. Hobbs wrote that Beckham's condition was treatable and requested a transfer to another facility.

Beckham left that job and was self-employed as a roofing contractor, doing most of the work himself.  He encountered financial problems, including litigation and a judgment against him, causing him to quit the business in 2002.  He has not been gainfully employed since.

Beckham sought treatment for PTSD symptoms from the Veterans Administration Clinic in Pueblo, Colorado in April 2002.  He was diagnosed in September, 2002 as follows:

> 1. Posttraumatic stress disorder, 309.81.
> 2. Major depressive disorder, recurrent, secondary to posttraumatic stress disorder, as well as to a lawsuit for his roofing business, 296.32.
> 3. Alcohol abuse secondary to posttraumatic stress disorder, 305.20.
> R.241

The psychiatric consultant opined that Beckham was not employable at the time because the depression secondary to the PTSD and a pending lawsuit aggravated the moderate impairment caused by the PTSD.  R.241.

Beckham received medication and treatment monthly at the Pueblo Clinic.  On October 28, 2002, the VA issued a Rating Decision based on those treatment records, evaluating Beckham's post traumatic stress disorder as 100 percent disabling effective June 13, 2002 R.70-72.  The report recited the examiner's view that because psychotherapy and medication seemed to be helping, the prognosis was favorable for

an eventual return to employment and for that reason a future examination was planned for March 2007, R.71.

Beckham applied for Disability Insurance Benefits on December 9, 2002. He was insured for such benefits through June 30, 2003. After a hearing on Janaury 25, 2005, an Administrative Law Judge (ALJ) issued a decision on February 24, 2005, finding that Beckham was not disabled under the Act because he had the residual functional capacity to perform unskilled work with no interaction with the general public at all exertional levels for performing such jobs as a small assembly worker, electronics worker and general food preparer. R.22.

The claimant's counsel requested review by the Appeals Council, and submitted a VA compensation decision dated April 20, 2005, determining no change in the 100% service connected disability for "post traumatic stress disorder with major depressive disorder (now classified as permanent). R.313. That determination resulted from a Rating Decision of April 15, 2005, based, in part, on the outpatient treatment records from the VA clinic at Pueblo from September 28, 2002 through October 1, 2004. The evaluation included the following paragraph:

> The OPTRs from VAMC Pueblo CBOC dated September 28, 2002 through October 1, 2004 show ongoing treatment for severe posttraumatic stress disorder and major depressive disorder secondary to PTSD. At your VA examination you continue to have nightmares, flashbacks and daily memories of Vietnam. You continue to have an increased startle response and hypervigilance. Your cognitive examination showed no abnormality. The VA examiner opined that your PTSD symptoms will not likely improve and that there has been no change since your last evaluation. Your depression and depressive symptoms will change over time. The VA examiner opined that your major depressive disorder are also linked to your PTSD. You are capable of managing your own funds. You were assigned an overall 55 score on the Global Assessment Score of Functioning (GAF). R.318.

The response from the Appeals Council, after acknowledging receipt of this submission, was a form letter containing a short paragraph, saying;

> We found that this information does not provide a basis for changing the Administrative Law Judge's decision. R.5.

Thus, the final decision under review is based on the ALJ's decision of February 24, 2005. R.16-22.  The ALJ did not accept the diagnosis made by the VA examiner and found that Beckham's impairment was an "anxiety related disorder with depressive symptoms." R.21.

The ALJ included the following paragraph in his decision:

> Due to the inconsistencies in the record, the undersigned finds the claimant's allegations of disability and his reported symptoms are not credible.  The claimant contends that the VA has given him a 100 percent service connected disability due to his post traumatic stress disorder.  However, a decision regarding disability by any other governmental agency is based on its own rules.  The Social Security Administration makes a determination of disability based on Social Security law.  Accordingly, a decision by another agency that a claimant is disabled is not binding on the Social Security Administration, and is given no weight.
> R. 13.

While the statement is a correct statement of the law, it disregards the medical evidence in the record that supports the medical diagnosis forming the basis for the VA's decision.  It also disregards 38 C.F.R. §§ 4.10 to 4.17, the regulation governing veterans disability ratings.  Total disability under § 4.17 depends upon a finding that the veteran is "unable to serve and follow substantially gainful employment by reason of such disability."  That is not materially different from the Social Security regulations.

The ALJ selectively considered the treatment records and gave his own interpretation of the claimant's condition in this paragraph.

The claimant contends that his post traumatic stress disorder and

4

> depressive symptoms preclude him from working.  However, a review of the evidence of record establishes that much of the claimant's treatment has centered on situational stressors, such as poor finances, family issues, and multiple lawsuits, which the claimant reported resulted in increased stress.  There situational stressors could be expected to increase any individual's stress level, and cannot specifically be associated with the claimant's allegations of post traumatic stress disorder.  The claimant has been noted to have a depressed mood and anxious affect, which can be expected to result in some functional restrictions, but the record fails to suggest these limitations would be so severe as to preclude work. R.13.

The ALJ made no mention of the primary stressor, recognized throughout the VA medical records, combat service in Vietnam.  The ALJ used selected references to the claimant's activities to justify a finding that  "the allegations of disability and reported symptoms are not credible".  That statement ignores the fact that the continuing treatment provided by the VA was based on the belief of mental health professionals that what Beckham was telling them was truthful and that his subjective complaints were consistent with the diagnostic criteria for chronic post traumatic stress disorder supporting the 100% disability ratings made by the VA in October, 2002, and confirmed again in April, 2005.  The latter rating decision was not available to the ALJ.  It was submitted to the Appeals Council.  It is difficult to accept the statement that it was considered by the Appeals Council because it clearly contradicts the ALJ's decision.  The ALJ mentioned the claimant's use of alcohol and failure to take medications as supportive of his view of Beckham's credibility.  That fails to recognize what the VA healthcare providers saw as efforts at self medication to alleviate the sleep disturbances, flashbacks and other signs and symptoms of PTSD.

The initial denial of Beckham's application for disability benefits was based on insufficient evidence because he failed to appear for a medical evaluation by a

5

consultant in Colorado Springs.  R.30.  Beckham explained in his testimony at the hearing that he got totally disoriented and couldn't find the place. R.330.  When his attorney told the ALJ of an offer to do a consultative exam psychologically because of the missed appointment, the ALJ responded:

> I think with the VA records it would not be necessary. R.335

Indeed, it should not have been necessary because those records established Beckham's disability.  The denial decision in this case is not only unsupported by substantial evidence, it is contrary to the medical record and the opinions of treating psychologists and psychiatrists.  There is no purpose to served by remanding this claim for further consideration.  Accordingly, it is

ORDERED, that the final decision denying disability insurance benefits is reversed, the claimant is disabled within the meaning of the Social Security Act and this matter is remanded for the purpose of determining the benefits to which Scott L. Beckham is entitled and for payment to him accordingly.  Attorney fees and costs are also payable under 28 U.S.C. § 2412(d)(1)(A) and plaintiff's counsel shall file an application for such award within 20 days of entry of judgment.

Dated: September 14th, 2006

BY THE COURT:

s/ Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge